*291]    *CRAMOND *et al.*, executors of CAY, *v.* BANK OF THE UNITED STATES. (b)

*Set-off.*

A garnishee in foreign attachment, after the death of the attaching creditors, cannot set off against the claim attached, a responsibility of the attaching creditors to him, as indorser of a note, which matured after their decease.

A. & B., partners in trade, issue a foreign attachment against the effects of C., who is indebted to them, in the hands of D.; A. & B. were the indorsers of a note which was discounted by D., but before it became due, A. & B. died, and the note was protested, and the executors of B., who was the surviving partner, obtained judgment against C. and also against D., as garnishee : the debt due by A. & B. to D. cannot be set off against the debt due by D., as garnishee, to B.'s executors.

THE following case was stated for the opinion of the court : " On the

---

(b) This sum, it is plain, was not equal to one-half the interest claimed (and the calculation of interest was in a mode favorable to the defendants), but it was exactly equal to the principal sum reported by the auditors. It is presumed, therefore, that the jury thought the interest ought not to be allowed beyond the principal.

(a) s. c. 1 Binn. 64, which is a much better report of the case.

McCulloch v. Young.

19th day of August 1793, David Cay and Andrew Clow, who then carried on business under the firm of Andrew Clow & Co., indorsed a note made by Henry Darroch, bearing that date, for the sum of $852.82 ; which note was discounted by the President, Directors and Company of the Bank of the United States, defendants in this action, and the amount paid to the indorsers. Before the note became due, the maker, and both the indorsers, died of the yellow fever ; and notice of non-payment was duly given to the executors of the surviving partner, David Cay. On the 11th of April 1793, Andrew Clow and David Cay laid a foreign attachment on the property of a certain James Brown, in the hands of the defendants. Judgment was obtained in December term 1793, in the names of the present plaintiffs, as executors of David Cay, the surviving copartner. A writ of inquiry has been issued and the sum of 25,543l. 2s. 3d. has been found due to the plaintiffs ; judgment was thereupon entered in the usual form. A *scire facias* issued against the defendants, as garnishees, in which, after the general proceedings stated on the record, there was a trial, on the 10th September 1801, when the jury found for the plaintiffs $3354; and on the same day, judgment *nisi* was entered.

"The defendants as garnishees of James Brown are in possession of thirteen shares of bank-stock, and of the dividends thereon arising and accruing, since the first day of July 1801, which are subject to this attachment. And they have received payment of $284.27 ; being a dividend of the estate of Henry Darroch, the drawer of the said note. The question for the opinion of the court is whether the defendants in this action are entitled to set off against the demands of the plaintiffs in this action, the sum of $568.55, being the balance of the note unpaid ?"

After argument, by *E. Tighman* and *Ingersoll*, for the plaintiffs; and by *Lewis* and *Rawle*, for the defendants.

THE COURT (absent SHIPPEN, C. J.) decided, that the set-off was inadmissible.